FILED
JAN 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES GUY ARNOLD, #306-410
18800 Roxbury Rd
Plaintiff, Hagerstown, MD 21746-1001

versus    Civil Acti

UNITED STATES SECRET SERVICE,

Defendant.

CASE NUMBER   1:07CV00087

JUDGE:   UNASSIGNED

DECK TYPE:   FOIA/Privacy Act

DATE STAMP:   1/12/2007

**COMPLAINT UNDER PRIVACY ACT, 5 U.S.C. § 552 (a)**

**and PETITION FOR JUDICIAL REVIEW:**

* * * * * * * * *

CASE RE-ASSIGNED
FEB -9 2006
TO: FRIEDMAN, J. PL

**I.**

**A. JURISDICTION:**

1.] Jurisdiction in this matter is respectfully invoked pursuant to the Privacy Act, 5 U.S.C. §§ 552(a)(g)(1)(A),(B),(C), and (D), and 552(a)(G)(4)(A) and (B).

2.] Defendant, United States Secret Service, is an agency of the United States of America, and jurisdiction for this cause is further invoked pursuant to 28 U.S.C. § 1346(b).

3.] Venue for this Court is authorized by statute, 5 U.S.C. § 552(a).

**B. THE PARTIES:**

1.] Plaintiff, James Guy Arnold, is a citizen of the United States of America. Plaintiff's address is 18800 Roxbury Road, No. 306-410; Hagerstown, Maryland 21746-1001.

RECEIVED
DEC 0 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

2.] Defendant, United States Secret Service, is physically situated at 950 H Street, N.W. Washington, D.C. 20223 (Attention Chief Counsel, Suite 8300).

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

1.] Administrative remedies in this matter were exhausted when Deputy Director Brian K. Nagel affirmed the denial of Plaintiff's request for amendment of records dated September 22, 2006.

2.] Secret Service file reference number was 20040330.

3.] See Exhibit 01 appended to this Complaint.

### II. NATURE OF THE CASE:

1.] The defendant has knowingly failed to maintain records it used in making determination(s) about Plaintiff with such accuracy, relevance, timeliness, and completeness as to assure fairness to Plaintiff in its determination(s).

2.] The defendant willfully refused to comply with amendment provisions of the Privacy Act regarding erroneous material maintained on Plaintiff by defendant.

3.] There is a conflict between amendment provisions of the Privacy Act and the exemption provisions of the Privacy Act, suitable for judicial review.

### III. GENERAL ALLEGATIONS:

1.] Plaintiff submitted a request for records pursuant to the Freedom of Information (FOIA) and Privacy Act (PA), 5 U.S.C. § 552, which was received by defendant on March 26, 2004, and File Number 20040330 was assigned.

2.] After a disclosure of material was made on February 6, 2006, and appeal by Plaintiff under FOIA was submitted.

3.] Additional material was released subsequent to an appeal received

2

from Plaintiff by defendant on March 1, 2006.

4.] Released in the material were documents indicating Plaintiff to have made false accusations as well as included a FAMILY PROTECTIVE ORDER.

5.] On June 5, 2006 Plaintiff forwarded to defendant a request for amendment of records to the defendant pursuant to the Privacy Act, 5 U.S.C. § 552(a)(d).

6.] On August 2, 2006 Latitia M. Huff on behalf of Special Agent in Charge Kathy J. Lyerly, denied Plaintiff's request for amendment citing 'exemption' provisions pursuant to 5 U.S.C. § 552a(j)(2),(k)(2), and (k)(3).

7.] An appeal by Plaintiff was submitted dated August 7, 2006 which the defendant received on August 18, 2006.

8.] On September 22, 2006 Brian K. Nagel, Deputy Director affirmed the denial of amendment of records. [See Exhibit 01]

9.] On September 29, 2006 Plaintiff submitted a statement to Chief Counsel, Secret Service pursuant to 5 U.S.C. § 552(a)(d)(3).

## IV. GROUNDS FOR RELIEF:

1.] The Privacy Act contains within its many subsections other sections that conflict directly with other provisions warranting judicial review and if proper, declaratory relief.

2.] The Secret Service failed to maintain accurate records on Plaintiff.

[a] The Secret Service maintains in its Intelligence Division, File : 127-671-33012-256 inaccurate information reflecting: "It appears that Arnold [Plaintiff] may have falsely accused [name redacted] of making the aforementioned statements." [Document dated 08/01/03]

[b] The Secret Service maintains in its Intelligence Division File: 127-671-33012-256 an NCIC Protection Order Record which the Secret Service suggests to be Plaintiff. The Protection Order narrative motes: 'THE SUBJECT IS RESTRAINED FROM ASSAULTING, THREATENING, ABUSING, HARASSING, FOLLOWING, INTERFERING, OR STALKING THE PROTECTED PERSON AND/OR THE CHILD OF THE PROTECTED PERSON.

3.] The Secret Service willfully failed to maintain accurate records after being apprised that the Family Protective Order, as well as the veracity issue in § 2(a) above, were noted to not be accurate. Moreover, defendant refused to amend the records, which contained information that is defamatory, per se.

4.] Based upon these records, the defendant determined the veracity of the Plaintiff to be lacking, which is further defamatory, per se.

5.] Based upon records maintained by the defendant, Plaintiff may be looked upon as either (or both) a "wife/spouse beater" or child abuser, all of which are defamatory, per se.

6.] The defendant knew, or should have known, that the Family Protective Order had no relevance to Plaintiff.

7.] The defendant obtained this inaccurate information on Plaintiff in the furtherance of its Intelligence, Protective or other administrative functions, and had a duty to Plaintiff to maintain said records with accuracy.

8.] The defendant breached its duty to maintain accurate records, causing harm by its retained defamatory, per se, records.

### V. REQUEST FOR RELIEF:

1.] Plaintiff prays that the Court conduct a judicial review of not only agency action, but to further address the statutory conflicts contained within the Privacy Act;

2.] Plaintiff prays Injunctive Relief directing amendment/expungement of erroneous material maintained in Secret Service files;

3.] Plaintiff prays monetary judgment of and from defendants in the amount of TEN THOUSAND DOLLARS ($10,000.00);

4.] Plaintiff seeks to recover filing fees and costs, and to such other relief determined proper.

## VI. VERIFICATION:

I, James Guy Arnold, Plaintiff herein, having prepared and read the Complaint, hereby declare under penalties of perjury under the laws of the United States of America as provided for by 18 U.S.C. §§ 1001 and 1621, and 28 U.S.C. § 1746, that the facts and matters raised herein, and the exhibits appended hereto are true and accurate, except as to those matters stated upon information and belief, and insofar as they are therein stated, Plaintiff believes them to be true.

Executed this _____ day of ___November___, 2006.

_____
JAMES GUY ARNOLD
Plaintiff, in proper person
# 306 - 410
18800 Roxbury Road
Hagerstown, Maryland 21746 - 1001

✱ Resubmitted 04 December 2006

5



**U.S. Department of Homeland Security**
# UNITED STATES SECRET SERVICE

October 4, 2006

James G Arnold, #306-410
18800 Roxbury Road
Hagerstown, MD 21746-1001

Dear Mr. Arnold:

Reference is made to your claim form dated August 7, 2006, seeking $5,000.00 in damages for personal injury arising from allegedly inaccurate records maintained by the United States Secret Service (Secret Service).

It appears from your claim form that you are seeking damages under the Privacy Act, 5 U.S.C. § 552a, rather than the Federal Tort Claims Act, 28 U.S.C. § 552a. The Secret Service has previously addressed your claim under the Privacy Act and has advised you of your rights under that act. A copy of the agency's letter setting out the agency's decision on appeal is enclosed.

Sincerely,

Brian K. Nagel
Deputy Director

Enclosure

07 0087

FILED

JAN 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



U.S. Department of Homeland Security
# UNITED STATES SECRET SERVICE

SEP 22 2006

James G Arnold, #306-410
18800 Roxbury Road
Hagerstown, MD 21746-1001

RE:   Privacy Act Appeal – File No. 20040330

Dear Mr. Arnold:

Reference is made to your letter dated August 7, 2006, and received by the United States Secret Service (Secret Service) on August 18, 2006. Through this letter, you appeal the determination of Special Agent in Charge, Kathy J. Lyerly, Secret Service Freedom of Information and Privacy Acts Officer, regarding your records amendment request pursuant to the Privacy Act of 1974, title 5, United States Code, section 552a(d).

Having reviewed this matter, the Secret Service has concluded that the documents in question are maintained in the Secret Service Protection Information System USSS.007. The Protection Information System USSS.007 is exempt from the amendment provisions of the Privacy Act pursuant to 5 U.S.C. 552a(j)(2), (k)(2) and (k)(3). Therefore, your appeal is denied. As set forth in our letter of August 2, 2006, the Secret Service will, however, maintain a copy of your request letter stating your disagreement with certain matters in the file.

We would also note that the NCIC database is not maintained by the Secret Service. Further, the Secret Service cannot amend information originating from other law enforcement agencies that is reported by NCIC.

Under federal law we are required to advise you that this decision to deny your amendment request is subject to judicial review in the District Court in the district where the complainant resides, has a principal place of business, or in which the agency records are situated, or in the District of Columbia. Additionally, please be advised that, pursuant to title 5, United States Code, section 552a(d)(3), you are permitted to file with the Secret Service a concise statement setting forth the reasons for your disagreement with the agency's decision regarding amendment. Any such statement should be directed to the Office of the Chief Counsel, 950 H Street, N.W., Suite 8300, Washington, DC 20223.

Sincerely,

Brian K. Nagel
Deputy Director

```
     10:04              TECS II - NCIC/NLETS RECORD DISPLAY         081103  T2MRM40
TID= N0QD                                                                   T2PRM40


****************************************************************************

FROM NCIC   ON 08/11/03 AT 10:03:28        PRESS ENTER TO CONTINUE
1L01CQUQV7062300623
DCSS177T7

*****WARNING - THE FOLLOWING IS AN NCIC PROTECTION ORDER RECORD.  DO NOT
SEARCH, DETAIN, OR ARREST BASED SOLELY ON THIS RECORD.  CONTACT ENTERING
AGENCY TO CONFIRM STATUS AND TERMS OF PROTECTION ORDER*****

MKE/PROTECTION ORDER
ORI/FL05300F7 NAM/;                  SEX/M RAC/W DOB/19720101
HGT/504 WGT/180 EYE/BR0 HAI/BR0
PNO/GCV002256 BRD/N ISD/20000804 EXP/NONEXP
PPN/               PPB/19600921


(F1/F2=HELP)  (F3=MAIN MENU)  (F4=PREV MENU)  (F7=PREV SCREEN)  (F8=NEXT SCREEN)
```

*[handwritten annotation:]* A challenge via cert mail w/ FOIA Appeal

B7C

```
       10:04              TECS II - NCIC/NLETS RECORD DISPLAY            081103   T2MRM40
  TID= N0QD                                                                       T2PRM40


  ****************************************************************************

  PCO/THE SUBJECT IS RESTRAINED FROM ASSAULTING, THREATENING, ABUSING, HARASSING
  PCO/FOLLOWING, INTERFERING, OR STALKING THE PROTECTED PERSON AND/OR THE CHILD
  PCO/OF THE PROTECTED PERSON.
  VLD/20001005
  MIS/INS
  ORI IS POLK CO SO
  NIC/H030766102 DTE/20000818 1012 EDT




  (F1/F2=HELP)  (F3=MAIN MENU)  (F4=PREV MENU)  (F7=PREV SCREEN)  (F8=NEXT SCREEN)
```

*[Handwritten annotation:]* PA challenge via our not w/ point Appeal.

B7C

8/11/03
D.S.
A

## NON-REFERRED INCIDENT

**Date** : 08/01/03                                    FILE: 127-671-33012 /#256/

**From** : SA .                                         Subject #TBD

**To**   : ATSAIC

**Subject:** Non-Referred        **Name:** James Arnold /#256

Reference is made to the memorandum dated February 26, 2001, from SAIC-Intelligence Division concerning Non-Referred Files.

The attached incident/letter is being Non-Referred for the following reason(s):

_X_   Other:

Arnold has been interviewed subsequent to a letter he sent to the "Director", Threat Assessment Center. In the letter Arnold identifies            as an individual who has made a threat to the POTUS. It should be noted that both            and Arnold are currently incarcerated at the Maryland Correctional Institute, Roxbury. According to the interviewing agent,                                                              however, has never been officially diagnosed by health staff at the prison. It appears that Arnold may have falsely accused          of making the aforementioned statements. For more information see attached e-mail from            . outlining his interview with the subject and prison staff.