UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES GUY ARNOLD,<br><br>    Plaintiff<br><br>        v.<br><br>UNITED STATES SECRET SERVICE<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-0087 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant United States Secret Service ("Secret Service"), by and through its attorney, the United States Attorney for the District of Columbia, hereby moves to dismiss with prejudice the above-captioned civil action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The *pro se* Plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988). In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached hereto.

                                                            Respectfully submitted,

                                                            ____/s/_____
                                                             JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                             United States Attorney

                                                             ____/s/_____
                                                             RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                             Assistant United States Attorney

          _____/s/_____
          QUAN K. LUONG
          Special Assistant United States Attorney
          555 Fourth Street, N.W., Room E-4417
          Washington, D.C. 20530
          (202) 514-9150 (telephone)
          (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JAMES GUY ARNOLD,                   )
                                    )
    Plaintiff                       )
                                    )
                                    ) Civil Action No. 07-0087 (PLF)
    v.                              )
                                    )
UNITED STATES SECRET SERVICE        )
                                    )
    Defendant.                      )
_____ )

**DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

    Plaintiff seeks to collect damages under the Privacy Act for alleged inaccurate records maintained by the United States Secret Service ("Secret Service"). *Compl. at p. 4*. Plaintiff also seeks to have these alleged inaccurate records corrected. *Id*. The problem with Plaintiff's claims, however, is that the records at issue are *exempt* from the accuracy, amendment/correction, and damages provisions of the Privacy Act. Accordingly, this case should be dismissed with prejudice for failure to state a claim because Plaintiff can prove no set of facts to support his claim and permitting amendment of his Complaint would be futile.

**BACKGROUND**

    Plaintiff, James Arnold, is currently incarcerated at the Maryland Correctional Training Center in Hagerstown, MD. On or around May 26, 2004, the Secret Service received a request for information under the Freedom of Information Act (FOIA) and Privacy Act (PA), 5 U.S.C. § 552, from the Plaintiff. *Attachment 1*. Specifically, Plaintiff requested "copies of records maintained by the USSS on [him] located in either Frederick Maryland or Baltimore Resident

Agencies of the USSS." *Id*. Plaintiff indicated that he "was interviewed by Special Agent McCauley in 8/2003" and that he "wish[ed] to obtain any records maintained as a result of his investigation." *Id.*

On February 6, 2006 and April 7, 2006, the Secret Service sent responsive documents to the Plaintiff. *Compl. at p. 2-3*. On June 5, 2006, in pertinent part, Plaintiff requested amendment of certain records pursuant to the Privacy Act, 5 U.S.C. §552a(d). *Compl. at p. 3*.

On August 2, 2006 and September 22, 2006, the Secret Service advised the Plaintiff that the records which he sought to amend were exempt from the amendment provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2), (k)(2) and (k)(3). *Compl. at p. 3*. Therefore, the Agency denied the Plaintiff's request. *Id*.

On September 29, 2006, Plaintiff, pursuant to 5 U.S.C. §552a(d)(3), filed a statement expressing his disagreement with the Agency's decision regarding amendment. *Compl. at p. 3*. On December 26, 2006, the Secret Service advised the Plaintiff that after further reviewing the matter, it had amended the Plaintiff's records as he requested. *Attachment 2*.

On or around January 12, 2007, Plaintiff filed the instant civil action alleging that Defendant's refusal to amend his records constituted a violation of the Privacy Act. *Compl. at p. 2-4*. As relief, Plaintiff requests amendment/expungement of his records and damages in the amount of $10,000.00.[1] *Compl. at p. 4*.

---

[1] On or around April 5, 2007, the undersigned counsel received a letter from the Plaintiff, in which he acknowledged that the Secret Service "corrected records maintained by it on December 26, 2006 after the initial denial... and after the filing of the civil action." Though the Plaintiff's records were actually amended prior to his filing of the complaint, it appears that Plaintiff did not receive notice of the amendment until sometime after he filed his complaint. Plaintiff also indicated that he would "agree to voluntarily dismissal of the pertinent claims" but still intended to pursue his damages claim.

## ARGUMENT

I.     **PLAINTIFF DOES NOT – AND CANNOT – STATE A PRIVACY ACT CLAIM**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and dismissal is appropriate where the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Browning v. Clinton, 292 F.3d 235, 241 (D.C. Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

     **A.**     **The Privacy Act**

Subsection (e)(5) of the Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The Privacy Act also gives an individual the right to request amendment of his records. See 5 U.S.C. § 552a(d). Subsection (g) of the Privacy Act permits an individual to file a civil action against an agency that refuses to amend its records upon request or fails to maintain its records in accordance with the Privacy Act's standard. If a

Court determines that the agency's actions were willful or intentional, it may award actual damages sustained by the individual (including costs of suit and reasonable attorney's fees), either as a result of the refusal to amend inaccuracies, or failure to maintain accurate records. 5 U.S.C. § 552a(g)(4).

Notwithstanding the foregoing, however, an agency may exempt, by regulation, any system of records from, if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including... correctional, probation, pardon, or parole authorities, and which consists of . . . <u>reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision</u>.

5 U.S.C. § 552a(j)(2) (emphasis added). <u>See also</u> 5 U.S.C. §552a(k)(3).

**B.    The System Of Records At Issue**

The records about which Plaintiff complains are the Secret Service Protection Information System, also referred to as TREASURY/USSS.007.[2] As set forth in the Secret Services's Regulations, TREASURY/USSS.007 includes: (a) records containing information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrest, the nature and disposition of criminal charges, sentencing, confinement, release, and parole or probation status; (b) records containing information compiled for the purpose of a criminal investigation, including reports of informants and investigators, which are associated with an identifiable individual; (c) records containing reports relative to an individual compiled at various stages of the process of enforcement of

---

[2]In March, 2003, the Secret Service became part of the Department of Homeland Security ("DHS"). However, these regulations remain in effect.

4

certain criminal laws from arrest or indictment through release from supervision; (d) records containing information supplied by other Federal, state, and local law enforcement agencies, foreign or domestic, other non-law enforcement governmental agencies, private institutions and persons concerning individuals who, because of their activities, personality traits, criminal or mental history, or history of social deviancy, may be of interest to the Secret Service in connection with the performance by that agency of its protective functions; (e) records containing information compiled for the purpose of identifying and evaluating individuals who may constitute a threat to the safety of persons or security of areas protected by the Secret Service; (f) records containing information compiled for the purpose of background investigations of individuals, including but not limited to, passholders, tradesmen, maintenance or service personnel who have access to areas secured by or who may be in close proximity to persons protected by the Secret Service. Notice of System of Records, 66 Fed. Reg. 45362-02 (Aug. 28, 2001).[3]

### C.    TREASURY/USSS.007 Is Exempt From The Privacy Act Provisions At Issue

Pursuant to 5 U.S.C. § 552a(j)(2), the Department of Treasury, Secret Service issued regulations properly exempting its TREASURY/USSS.007 from various provisions of the Privacy Act, including all provisions at issue here. See 31 C.F.R. §§ 1.36 (exempting TREASURY/USSS.007 from, inter alia, 5 U.S.C. §§ 552a(d), (e)(1), (e)(5), and (g)). See White v. United States Prob. Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (exemption from Privacy Act amendment provision barred plaintiff from seeking amendment of presentence report);

---

[3] "Statements in the Federal Register can be examined on 12(b)(6) review." Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993).

Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (denying injunctive relief because BOP regulations exempt records from amendment provision); Sellers v. United States Bureau of Prisons, 959 F.2d 307, 309 (D.C. Cir. 1992) (citing Deters v. United States Parole Comm'n, 85 F.3d 655, 658 n.2 (D.C. Cir. 1996) and upholding dismissal of claim under section 552(d)).

### 1. TREASURY/USSS.007 Is Not Subject To The Correction Or Amendment Provisions Of 5 U.S.C. § 552a(d)(2)

Plaintiff seeks to have this Court order the correction and/or amendment of certain records contained in the TREASURY/USSS.007 system of records. *Compl. at p. 4.* As set forth above, however, this system of records has properly been exempted from the correction or amendment provisions of the Privacy Act. Specifically, 31 C.F.R. § 1.36(d)(3) states that TREASURY/USSS.007 is exempt from 5 U.S.C. § 552a(d)(2) (and other amendment and correction provisions) which, inter alia, "permit an individual to request amendment of a record pertaining to him ... and require the agency ... to amend the record ..." The regulations explain that since the correction and amendment provisions require that an individual have access to the records, such provisions do not apply to TREASURY/USSS.007 for the same reasons that the access provisions of 5 U.S.C. §§ 552a(d)(1), (e)(4)(H) and (f)(2), (3) and (5) do not apply to this system of records. 31 C.F.R. § 1.36(d)(3).

Specifically, the regulations state that application of these provisions to the systems of records "would compromise the Department's ability to provide useful tactical and strategic information to law enforcement agencies ... [and] would provide individuals with information concerning the nature of any current investigations and would enable them to avoid detection or apprehension. 31 C.F.R. § 1.36(d)(2)(I). Moreover, the regulations also state that "[p]ermitting

6

access to investigative files and records could, moreover, disclose the identity of confidential sources and informers and the nature of the information supplied and thereby endanger the physical safety of those sources by exposing them to possible reprisals for having provided the information." 31 C.F.R. § 1.36(d)(2)(iii). Furthermore, "providing access to records contained in the systems of records could reveal the identities of undercover law enforcement officers who compiled information regarding the individual's criminal activities and thereby endanger the physical safety of those undercover officers or their families by exposing them to possible reprisals. 31 C.F.R. § 1.36(d)(2)(iv). Finally, the regulations note that "[b]y compromising the law enforcement value of the systems of records... permitting access in keeping with these provisions would discourage other law enforcement and regulatory agencies, foreign and domestic, from freely sharing information with the Department and thus would restrict the Department's access to information necessary to accomplish its mission most effectively. 31 C.F.R. § 1.36(d)(2)(iv).

Accordingly, the system of records at issue is not subject to correction or amendment and Plaintiff's request for such relief should be dismissed with prejudice for failure to state a claim because he can prove no set of facts supporting a claim for correction or amendment and any amendment to the complaint seeking the same relief would be futile.

    **2.    TREASURY/USSS.007 Is Not Subject To The Accuracy, Relevance, Timeliness, and Completeness Provisions Of 5 U.S.C. § 552a(e)(1) and (e)(5)**

Plaintiff also appears to allege that the disputed records have not been maintained "with such accuracy, relevance, timeliness, and completeness as to assure fairness to Plaintiff in its determination(s)." *Compl. at p. 2*. However, TREASURY/USSS.007 is also exempt from the

accuracy, relevance, timeliness, and completeness provisions of the Privacy Act. 31 C.F.R. §§1.36(d)(7) and (d)(10). Specifically, the regulations properly issued by the Treasury Department state that TREASURY/USSS.007 is exempt from subsections (e)(1) and (e)(5) because, among other things, application of this provision "would hinder the initial collection of any information that could not, at the moment of collection, be determined to be accurate, relevant, timely, and complete... would seriously restrict the Department's ability to disseminate information pertaining to a possible violation of law to law enforcement and regulatory agencies. 31 C.F.R. §1.36(d)(10)(I). Furthermore, the provisions of (e)(1) and (e)(5) "could seriously impede criminal investigators and intelligence analysts in the exercise of their judgment in reporting results obtained during criminal investigations." 31 C.F.R. §1.36(d)(10)(ii).

Because the system of records at issue is not subject to the accuracy, relevance, timeliness, and completeness provisions of the Privacy Act, Plaintiff's claims relating to these provisions should also be dismissed with prejudice for failure to state a claim - he can prove no set of facts supporting a claim that the information at issue is not accurate, relevant, timely, or complete.

3. **TREASURY/USSS.007 Is Not Subject To The Damages Provision Of 5 U.S.C. § 552a(g)**

Plaintiff's claim for damages arising from the allegedly erroneous records fares no better than his other claims. 31 C.F.R. § 1.36(d)(12) expressly exempts TREASURY/USSS.007 from the damages provision of the Privacy Act (5 U.S.C. § 552a(g)) "to the extent that the civil remedies may relate to provisions of 5 U.S.C. 552a from which these rules exempt the systems of records, since there should be no civil remedies for failure to comply with provisions from which

8

the Department is exempted." 31 C.F.R. § 1.36(d)(12). As set forth above, the system of records at issue is exempt from the access and amendment provisions and, therefore, is also exempt from the damages provision.

## II.     PLAINTIFF'S AMENDMENT OF RECORDS CLAIM IS MOOT

### A.     Plaintiff's Disputed Records Have Been Amended

Mootness is a jurisdictional question, one which a federal court must resolve before assuming jurisdiction. North Carolina v. Rice, 404 U.S. 244, 246 (1971). The central question of all mootness issues is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief. 13A Wright, Miller & Cooper, Federal Practice and Procedure § 3533.3 (1984). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." Beethoven.Com LLC v. Librarian of Congress, 394 F.3d 939, 950 (D.C. Cir. 2005) (citing Mills v. Green, 159 U.S. 651, 653 (1895)). The issue of mootness depends upon whether the court can grant "any effectual relief." Church of Scientology v. United States, 506 U.S. 9, 12 (1992).

Even if the court were to find that Plaintiff has stated a Privacy Act claim regarding his request to amend his records, this claim must still be dismissed for mootness. As reflected in the attached correspondence between the Agency and the Plaintiff, it is undisputed that Plaintiff's relevant records have in fact been amended and that he has been advised of this fact.[4]

---

[4] Moreover, in order to establish a damages action under the Privacy Act, Plaintiff must show, *inter alia*, that: (1) an inaccurate record (2) proximately caused (3) an adverse determination concerning him. See Deters v. United States Parole Comm'n, 85 F.3d 655, 567 (D.C. Cir. 1996); Dickson v. Office of Personnel Management, 828 F.2d 32, 36-37 (D.C. Cir. 1987). Plaintiff must also show that the violation of the Privacy Act was intentional or willful.

## CONCLUSION

Plaintiff can prove no set of facts to support his claims relating to records that are exempt from the Privacy Act. Accordingly, this Court should dismiss this case with prejudice for failure to state a claim.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

---

See 5 U.S.C. § 552a(g)(4). Plaintiff has failed to allege facts establishing any of these prerequisites to a viable damages claim under the Privacy Act.

**CERTIFICATE OF SERVICE**

      I certify that on April 20, 2007, a true and correct copy of the foregoing was served by first-class mail, postage prepaid on:

    James Guy Arnold, # 306-410
    18800 Roxbury Road
    Hagerstown, MD 21746-1001


                                                     /s/
                                        QUAN K. LUONG
                                        Special Assistant United States Attorney
                                          555 Fourth Street, N.W., Room E-4417
                                          Washington, D.C. 20530
                                          (202) 514-9150 (telephone)
                                          (202) 514-8780 (facsimile)

FOIA Officer
U.S. Secret Service
950 H Street, N.W.
Suite 3000
Washington, DC 20223

10 May 2003

FOIA Request pursuant to 5USC §552

Dear FOIA Officer

I wish to obtain copies of records maintained by USSS on me that may be located in either the Frederick Maryland or Baltimore Resident Agencies of the USSS.

I was interviewed by Special Agent McCauley in 8/2003 and wish to obtain any records maintained as a Result of this investigation.

My D.O.B is 1-January 1972, My SSN - 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 and My Place of Birth is Falls Church VA

I will be willing to pay the minimum research and copy work fee up to $100.00

Under penalties of perjury under 18 USC §§ 1001 and 1651 and 28 USC § 1746, I certify that I am the party making said request and seek disclosure of same.

*Jan Arnold* (signature)

Please Reply to me at

James G. Arnold, 306410
18701 Roxbury Road
Hagerstown MD 21746-1002.

DEC 26 2006

James G. Arnold, #306-410
18800 Roxbury Road
Hagerstown, MD 21746-1001

      RE:    Privacy Act Appeal – File No. 20040330

Dear Mr. Arnold:

Reference is made to your letter dated September 29, 2006, and received by the United States Secret Service (Secret Service) on October 16, 2006, regarding information contained in Secret Service Intelligence Division File Number 127-671-33012-256.

After further review of this matter, the Secret Service has removed the records containing the information you described in your September 29, 2006 letter from File Number 127-671-33012-256. (That information appeared on two pages in the file – both titled "TECS II - NCIC/NLETS RECORD DISPLAY.")

We very much appreciate your bringing this matter to our attention, as we were unaware of this clerical error in maintaining the file at issue.

Sincerely,

Kathy J. Lyerly
Special Agent in Charge
Freedom of Information &
Privacy Acts Officer

**SUBJECT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES GUY ARNOLD, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 07-0087 (PLF) |
| v. | ) |
| | ) |
| UNITED STATES SECRET SERVICE | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Upon consideration of Defendants' Motion to Dismiss, the relevant law, and the entire record herein, it is this _____ day of _____, 2007

ORDERED that Defendants' Motion to Dismiss is GRANTED, and it is further

Further ORDERED that this case is DISMISSED WITH PREJUDICE.

This is a final appealable order.

SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE