UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES GUY ARNOLD,

    Plaintiff,

versus                        Civil Action No. 07-0087 (PLF)

UNITED STATES SECRET SERVICE,

    Defendant.

**RECEIVED**
**MAY 1 0 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:

This matter comes before the Court upon Defendant's MOTION TO DISMISS pursuant to Federal Rules of Civil Procedure, Rule 12 (b)(6), wherein Defendant represents to the Court that Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim, and now Plaintiff files this opposition to the Defendant's Motion.

As a preliminary matter, Plaintiff concurs with the background section of Defendant's motion, as to the voluntary dismissal issue noted at footnote 1, Plaintiff agreed to dismissal **only** of claims raised in the Complaint at page 3, ¶ 2[b].

At issue in the Complaint is the Defendant's refusal to amend the additional challenged material, released pursuant to either the Privacy Act or Freedom of Information Act. With exception to the Complaint's voluntary dismissal noted above, Plaintiff submits the remaining claims to be justiciable.

It appears to Plaintiff that the exemption provision of the Privacy Act has been expressly waived by the removal of other material contained in the file at issue.

1

At issue are documents maintained by the Defendant in Intelligence Division File Number 127-671-33012-256. As pertinent to this Complaint, Plaintiff alleged that, among other things, the Defendant maintains inaccurate information reflecting: "It appears that Arnold may have falsely accused [name redacted] of making the aforementioned statements." Compl. at page 3, § IV; ¶ 2[a]. Plaintiff contends that this material is defamatory per se, and alleged same in his Complaint, in § IV, page 4, ¶¶ 3, 4, 7, and 8. Plaintiff maintains that a claim has been stated.

## ARGUMENT:

As the Defendant has correctly represented to the Court, "The Court is to treat the Complaint's factual allegations as true..." Citing Leatherman v. Tarrant County Narcotics Intelligence Unit, 507 U.S. 163, 164 (1993). As this case more than satisfies the Plaintiff's legal argument, Plaintiff will not again recite the remaining authority. If the Court accepts the Complaint's factual allegations as true, there can be no question that, if prove, Plaintiff would be entitled to relief, even if that relief would not be monetary in nature. For example, the Court will still have jurisdiction to review agency action, de novo, and Grant any appropriate relief thereafter, including the issuance of an ORDER directing correction or amendment of said records.

The Court should deny the Motion to Dismiss as to this issue.

### A. THE PRIVACY ACT:

Subsection 5(e) of the Privacy Act **requires** and agency to 'maintain all records which are used by the agency in making determinations about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.' The Privacy Act also gives an individual the right to file a civil action against an agency who

refuses to amend its records upon request or fails to maintain its records in accordance with Privacy Act standards.

### B. SYSTEM OF RECORDS AT ISSUE:

According to agency correspondence, the records are referenced by Plaintiff are maintained in an Intelligence Division File. As alleged in the GENERAL ALLEGATIONS SECTION of Plaintiff's Complaint, following release of material, Plaintiff sought correction and amendment of records maintained in Intelligence Division File 127-671-33012-256.

On August 7, 2006 Plaintiff appealed the initial denial of his amendment request, which was affirmed by Deputy Director Brian K. Nagel. Mr. Nagel advised the Plaintiff that he [Plaintiff] had the right to file a "concise statement setting forth the reasons for your disagreement with the agency's decision regarding amendment." Plaintiff mailed this statement to the agency's Chief Counsel in a letter dated September 29, 2006. The agency/defendant responded on December 26, 2006 stating..."After further review of this matter, the Secret Service has removed the records containing the information you described in your September 29, 2006 letter from File Number 127-671-33012-256. (That information appeared on two pages in the file - both Titled 'TECS II - NCIC/NLETS RECORD DISPLAY.')" The Defendant concluded by stating "We very much appreciate your bringing this matter to our attention, as we were unaware of this clerical error in maintaining the file at issue."

Plaintiff's September 29, 2006 letter to Chief Counsel also challenged the file material where the Defendant reflected that Plaintiff may have falsely accused someone.

Of course, the Defendant moves to dismiss this cause based upon asserted exemptions provided for by the Privacy Act, discussed below.

3

### EXEMPTION PROVISIONS OF PRIVACY ACT AND WAIVER:

The Defendant asserts that Treasury/USSS.007 is exempt from the Privacy Act provisions at issue before the Court.

In the REQUEST FOR RELIEF Section of Plaintiff's Complaint, Plaintiff sought judicial review of the agency's action relevant to this matter, but also sought the Court's judicial review authority to address what Plaintiff categorized as statutory conflicts. In one breath, Congress provided substantive rights to persons to have records maintained with accuracy, but in another breath, allowed the agency's subjected to liability to have carte blanche power to decide what to comply with, and opt out on the rest. Plaintiff submits this to be either over broad or ambiguous, but in any event, as the Defendant has argued exemption in four pages of its motion to dismiss, Plaintiff proffers the question: If these records were exempt, why were the disclosed to begin with, and if they were exempted from amendment, etc. why were these records amended, in part, on December 26, 2006. Plaintiff respectfully represents that it is the Defendant whom opened the door to this Challenge by waiving its exemption by amending, via removal of material from the file at issue, but not other information, and after asserting exemption provisions as to the administrative appeal.

Therefore, Plaintiff prays the Court deny the motion to dismiss as the Defendant complied in part with the Privacy Act. It should not have two bites at the apple; amending records then seeking to exempt itself later from other provisions.

### D. MOOTNESS DOCTRINE:

Assuming, arguendo, Plaintiff to be correct about the waiver issue, or in the alternative, the matter is justiciable for judicial review, would this

4

Court have jurisdiction? The defendant wishes to persuade this Court into believing that Plaintiff's relevant records have been amended, notwithstanding its lengthy argument about exemption, which, as far as amendment, that is not the case. Only part of the record was amended, which nullifies the mootness argument.

Defendant admittedly removed inaccurate records, yet failed to address the record in which it suggested the Plaintiff to have made a false accusation. Plaintiff alleges that statement to be defamatory, per se, and actionable.

Because the Defendant corrected some of the records, Plaintiff now requests this Court to determine the rationale to not amend the other records, and to further determine if, in fact, the agency waived its exemption shield.

For all those reasons, particularly the fact that Plaintiff has stated a claim for which relief can be granted, the Federal Rule of 12(b)(6) is not proper, and should be denied.

### CONCLUSION

For all those reasons, Plaintiff prays the Court DENY the motion to dismiss.

Respectfully submitted this 8th day of May, 2007.

JAMES G. ARNOLD
\# 306-410
18800 Roxbury Road
Hagerstown, Maryland 21746-1001

///
///

## CERTIFICATE OF SERVICE:

This is to certify, pursuant to Federal Rule of Civil Procedure Rule 5, that a true cop of the foregoing pleading was duly served upon counsel for the defendant, addressed below, by my affixing first class U.S. Postage, and addressing same with the pleading enclosed, and by depositing same, this 8th _____, day of May _____, 2007.

*[signature]*

Mr. Quan K. Luong, Esquire
Special Assistant United States Attorney
555 Fourth Street, N.W.
Room E-4417
Washington, D.C. 20530