UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

DEC 21 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

)
JAMES GUY ARNOLD, )
)
Plaintiff, )
)
v. ) Civil Action No. 07-0087 (PLF)
)
UNITED STATES SECRET SERVICE, )
)
Defendant. )
)

## MEMORANDUM OPINION

In this action brought under the Privacy Act, 5 U.S.C. § 552a, plaintiff challenges the Secret Service's denial of his request to amend records. Defendant moves to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. Because the records sought to be amended are exempt from the applicable Privacy Act provisions, the Court grants defendant's motion to dismiss.

## I. BACKGROUND

In June 2006, plaintiff requested that defendant amend his records obtained through a Freedom of Information Act request. Defendant denied plaintiff's request, citing Privacy Act exemptions (j)(2), (k)(2) and (k)(3), but subsequently amended portions of the records. Def.'s Memorandum of Points and Authorities in Support of its Motion to Dismiss at 2; Pl.'s Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") at 1. Plaintiff initiated this action on January 12, 2007.

## II. DISCUSSION

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the alleged violation. Bell Atlantic Corp. v. Twombly, ___U.S.___, 127 S.Ct. 1955, 1969 (2007); see Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]. . . ." 5 U.S.C. § 552a(e)(5). Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." Doe v. Federal Bureau of Investigation, 936 F.2d 1346, 1350 (D.C. Cir. 1991). Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment provisions, and subsection (g)(4) provides for monetary damages, costs and attorneys' fees where the agency has acted intentionally or willfully. See Doe v. Federal Bureau of Investigation, 936 F.2d at 1350; accord Deters v. United States Parole Commission, 85 F.3d 655, 660-61 (D.C. Cir. 1996); Sellers v. Bureau of Prisons, 959 F.2d 307, 310-12 (D.C. Cir. 1992).

The Privacy Act authorizes agencies to exempt certain filing systems from the foregoing requirements. See 5 U.S.C. § 552a(j), (k); Snyder v. Central Intelligence Agency, 230 F. Supp. 2d 17, 21 (D.D.C. 2002) (plaintiff not entitled under the Privacy Act's access provision

2

to information withheld pursuant to exemptions (j)(1) and (k)(1)).  The information at issue here is maintained "in the Secret Service Protection Information System USSS.007."  Compl. Ex. 2.[1]  Defendant rightly asserts that the Secret Service has exempted this filing system from the Privacy Act's amendment and accuracy provisions and from the damages remedy.  31 C.F.R. §§ 1.36(c) (exempting such records from (c)(3) and (4), (d)(1), (2), (3), (4), (e)(1), (2) and (3), (e)(4)(G), (H), and (I), (e)(5) and (8), (f), and (g)).  Plaintiff counters that defendant "expressly waived" the exemptions when it removed "other material contained in the file," Pl.'s Opp. at 1, but defendant's invocation of the exemptions at the administrative level, see Compl. Ex. 2, and throughout this litigation belies such a claim.

For the foregoing reasons, defendant's Rule 12(b)(6) motion to dismiss is granted.  A separate Order accompanies this Memorandum Opinion.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 12/21/07

---

[1] Consideration of this document does not convert the pending motion into a motion for summary judgment because in ruling on a Rule 12(b)(6) motion, the Court may consider "any documents either attached to or incorporated in the complaint . . . without converting the motion to dismiss into one for summary judgment."  *Baker v. Henderson*, 150 F. Supp.2d 13, 15 (D.D.C. 2001) (citations omitted).

3